**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3498
_____

UNITED STATES OF AMERICA

v.

DONALD  DOUGHERTY, JR.


*JOHN J. DOUGHERTY,
                              Appellant

*(Pursuant to Fed. R. App. P. 12(a))
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-07-cr-00361-001)
District Judge: Hon. Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2015
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>

(Filed: February 12, 2015)
_____

OPINION[**]
_____

_____

    [**] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge

John J. Dougherty ("Dougherty") appeals the District Court's denial of his petition for an order directing the state court to seal documents filed in a state court case. For the following reasons, we will affirm.

I

In November 2006, the Federal Bureau of Investigation ("FBI") sought a warrant to search Dougherty's home and submitted to the Magistrate Judge a fifty-five page affidavit (the "FBI Affidavit") in support of its request. The Magistrate Judge signed the search warrant and sealed both the warrant and the FBI Affidavit (the "2006 Impoundment Order").[1]

In June 2007, the grand jury returned an indictment against Donald Dougherty, Jr. (no familial relation to the Appellant). See United States v. Dougherty, No. 2-07-cr-00361-001 (E.D. Pa. June 26, 2007) ("Donald Dougherty"), ECF No. 1. As part of the Donald Dougherty case, on January 30, 2008, the Government filed a brief to which it inadvertently attached the FBI Affidavit. See Donald Dougherty, ECF No. 27. The FBI

---

[1] The 2006 Impoundment Order directed:

[T]he within Search Warrant and Affidavit for Search Warrant, any subsequent inventory, and accompanying docket papers are sealed and impounded until further Order of the Court.

The Clerk of Court is directed to make no public docket entry of the sealed documents and motion and order to seal, and copies of all sealed documents should be provided only to [the Assistant United States Attorney].

JA 443.

2

Affidavit remained publicly accessible on the Donald Dougherty docket until December 17, 2012, when the District Court granted the Government's request to have the FBI Affidavit "removed from the file and supplied to the [G]overnment." JA 256. The Government did not request a sealing or protective order.

In March 2011, while the FBI Affidavit was still publicly accessible on the Donald Dougherty docket, Dougherty filed a defamation action in Pennsylvania state court against Philadelphia Newspapers, LLC and several of its employees (together, the "Newspaper Appellees"). See Dougherty v. Phila. Newspapers L.L.C., No. 004790 (Pa. Ct. Com. Pl., Phila. Cnty. Mar. 23, 2011) (the "State Defamation Case"). On December 10, 2012, the Newspaper Appellees moved for summary judgment and attached the FBI Affidavit as an exhibit. Dougherty opposed the motion, moved to seal the motion, ("Motion to Seal"), and moved to strike "all mentions" of the FBI Affidavit from it, JA 284 ("Motion to Strike"). The FBI Affidavit remained accessible on the State Defamation Case docket until January 2, 2013, when the state court provisionally sealed it pending a final decision on Dougherty's Motion to Seal.

On April 28, 2014, the state court granted the Newspaper Appellees' summary judgment motion, denied Dougherty's Motion to Strike, and ordered that the FBI Affidavit be unsealed on the state court docket (the "State Unsealing Order"). Dougherty appealed the state court's grant of summary judgment, but not the State Unsealing Order.

On May 1, 2014, Dougherty filed an "Expedited Petition to Enforce and Maintain Seal Protection"[2] (the "Petition") in Donald Dougherty asking the District Court for an order: (i) declaring that the FBI Affidavit "is and shall remain subject to seal protection" in Donald Dougherty; and (ii) directing the clerk of the state court to seal the Newspaper Appellees' summary judgment motion and "any other filed document" in the State Defamation Case that "references" or attaches the FBI Affidavit. See Donald Dougherty, ECF No. 136 (the "Petition") at 1–2. The District Court denied Dougherty's Petition, reasoning that: (i) because the 2006 Impoundment Order "says nothing about what [the Government], . . . or a state court, could do with" the FBI Affidavit, JA 9, and "does not purport" to restrict the public's access to it, JA 10, that order was not inconsistent with the State Unsealing Order; (ii) the Anti-Injunction Act, 28 U.S.C. § 2283, prohibited the District Court from granting Dougherty's requested relief; and (iii) even if an exception to the Anti-Injunction Act applied, Dougherty failed to show entitlement to injunctive relief. Dougherty appeals.

II[3]

---

[2] At around the same time, Dougherty also filed an "Emergency Motion for Reconsideration" of the State Unsealing Order in state court. JA 320. The state court denied the motion, reasoning that the FBI Affidavit "was publicly available on the [Donald Dougherty] docket for nearly 5 years and not sealed," and that Dougherty: "failed to show that the [FBI Affidavit] is not relevant to the truth of his claims"; "failed to make the required showing to overcome the presumption that Court proceedings are public"; and "fail[ed] to provide legal support for his argument that once the [FBI Affidavit] is made public in court filings[,] others are not free to report on it or use it to defend themselves." JA 350. The state court invited Dougherty to appeal the State Unsealing Order to the Superior Court of Pennsylvania, JA 340, but he declined to do so.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court exercises appellate jurisdiction under 28 U.S.C. § 1291.

4

The Anti-Injunction Act (the "Act") bars a federal court from "grant[ing] an injunction to stay proceedings in a State court" except (1) "as expressly authorized by Act of Congress," (2) "where necessary in aid of its jurisdiction," or (3) "to protect or effectuate its judgments." 28 U.S.C. § 2283.[4] Because Dougherty's Petition seeks injunctive relief that would "obstruct[] . . . the state court[']s] process" by interfering with its ability to control items filed on its docket, and thus what is available for judicial consideration, it "has the effect of a stay within the meaning of the [Act]." See, e.g., U.S. Steel Corp. for Emp. Ins. Benefits v. Musisko, 885 F.2d 1170, 1175 (3d Cir. 1989) (declining to apply "a literal construction" to meaning of "stay" where the "practical result" of the District Court's order "was to cast doubt on the effectiveness of the Pennsylvania Superior Court's ruling and on any judgment that might result from it").

"The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions.'" In

---

[4] "If an injunction falls within one of these three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998); see also In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 365 (3d Cir. 2001) (noting that the All-Writs Act "acts in concert" with the Anti-Injunction Act). Although we exercise plenary review over the District Court's authority to issue an injunction under the Anti-Injunction Act and the All-Writs Act, Prudential, 261 F.3d at 363, "[o]ur review of a district court's denial of a preliminary injunction is limited to determining whether there has been an abuse of discretion, a clear error of law, or a clear mistake on the facts," Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (internal quotation marks omitted); see also In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 304 (3d Cir. 2004) ("Diet Drugs II") ("When reviewing a district court's decision whether to abstain [from issuing an injunction under the All-Writs Act and Anti-Injunction Act], the underlying legal questions are subject to plenary review, but the decision to abstain is reviewed for an abuse of discretion." (internal quotation marks omitted)).

5

re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 364 (3d Cir. 2001) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)). These exceptions "are narrow and are not [to] be enlarged by loose statutory construction." Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011) (internal quotation marks omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of" declining to issue an injunction. Atl. Coast, 398 U.S. at 297.

Dougherty contends that the second and third exceptions apply and that the District Court erred by invoking the Act to deny his Petition. We disagree. The second exception permits an injunction where "necessary in aid of [the federal court's] jurisdiction." 28 U.S.C. § 2283. "[A]n injunction is necessary in aid of a court's jurisdiction only if some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 306 (3d Cir. 2004) ("Diet Drugs II") (internal quotation marks omitted). Although Dougherty asserts that the state court's ruling is tantamount to "disregard[ing]" or "overrul[ing]" the 2006 Impoundment Order, Appellant Br. 15, that ruling does not impair the District Court's ability to decide a case, Diet Drugs II, 369 F.3d at 306. Moreover, it bears no resemblance to the categories of federal actions to which we have applied this exception,[5] and Dougherty provides no

---

[5] See In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 234–35 (3d Cir. 2002) ("Diet Drugs I") (recognizing cases removed from state court, "complex litigation[s]"

6

basis to conclude that the State Unsealing Order "present[s] a special threat" to the District Court's jurisdiction.[6] In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 235 (3d Cir. 2002) ("Diet Drugs I"). Thus, this exception does not apply.

Equally inapplicable is the third exception, which permits an injunction "to protect or effectuate [a federal court's] judgments." 22 U.S.C. § 2283. This "relitigation exception" permits an injunction "to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." Smith, 131 S. Ct. at 2375 (internal quotation marks omitted). The Supreme Court has "taken special care to keep [this exception] strict and narrow" such that "every benefit of the doubt goes toward the state court" and an injunction should "issue only if preclusion is clear beyond peradventure." Id. (internal quotation marks omitted).

Giving "every benefit of the doubt" to the state court, it is not "clear beyond peradventure" that the 2006 Impoundment Order precludes the State Unsealing Order. Id. The 2006 Impoundment Order states only that the "Search Warrant and [FBI Affidavit], any subsequent inventory, and accompanying docket papers are sealed and impounded until further Order of the Court," and that "[t]he Clerk of Court is directed to

---

involving "a substantial class of persons from multiple states[] or represent[ing] a consolidation of cases from multiple districts," and "later-initiated state court proceedings over the same res in actions in rem" where the state court's exercise of jurisdiction over the res "necessarily impairs" the District Court's jurisdiction, as "categor[ies] of federal cases for which state court actions present a special threat to the jurisdiction of [a] federal court" (internal quotation marks omitted)).

[6] Furthermore, even assuming that his action was in rem and the res was the FBI Affidavit, Dougherty has not shown that the State Unsealing Order "necessarily impair[ed]" or "defeat[ed]" the District Court's jurisdiction over any res so as to invoke this exception. Diet Drugs I, 282 F.3d at 234.

7

make no public docket entry of the sealed documents and motion and order to seal, and copies of all sealed documents should be provided only to [the Assistant United States Attorney]." JA 443. While the 2006 Impoundment Order was intended to ensure that the FBI Affidavit was filed in a way that would not allow the public to access it, the 2006 Impoundment Order did not address or decide how those in lawful possession of the FBI Affidavit could use it. United States v. Smith, 123 F.3d 140, 155 (3d Cir. 1997) (order sealing a sentencing memorandum after it was publicly accessible did not "bar further dissemination of" it or its contents "by members of the public who possess the sentencing memorandum"). Because the issue Dougherty seeks to bar the state court from addressing, namely the permissibility of using the FBI Affidavit, was not decided by the federal court, he has not satisfied the "prerequisite for applying the relitigation exception." Prudential, 261 F.3d at 364 (internal quotation marks and alterations omitted).[7]

---

[7] Dougherty's reliance on Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), is also misplaced. In Pansy, we stated only that "[i]n this opinion" we would employ the term "confidentiality order" to encompass "any" type of order restricting access to or disclosure of information, including "protective orders" and "sealing orders." 23 F.3d at 777 n.1. In other cases, we have discussed the difference between sealing orders and protective orders. See e.g., United States v. Wecht, 484 F.3d 194, 212 (3d Cir. 2012) ("[T]he sealing order prevented direct public access to the documents while the protective order prohibited defense counsel from disseminating the information to the public."); see also id. at 211 (explaining that "under seal" means "the defense and public would not be able to view the filed papers or learn their contents" from the docket, but that the defendant still "could have disseminated the information to the public" absent a "protective order"). The 2006 Impoundment Order was a sealing order, as it was entered to allow materials to be filed with the court without making them available to the public because reasons existed to overcome the public's presumptive right of access to the court and its files. United States v. Martin, 746 F.2d 964, 968 (3d Cir. 1984). It did not restrict how those lawfully in possession of the documents could use them.

Furthermore, even if the Act did not bar Dougherty's Petition, he is not entitled to an injunction. "[T]hat an injunction may issue under the Anti-Injunction Act does not mean that it must issue." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 151 (1988) (emphasis in original). Not only do "principles of comity, federalism, and equity always restrain federal courts' ability to enjoin state court proceedings," Diet Drugs II, 369 F.3d at 306, but a party seeking injunctive relief must still show that it has suffered or will suffer irreparable harm without injunctive relief, see Brown v. City of Pittsburgh, 586 F.3d 263, 297 (3d Cir. 2009) (preliminary injunction); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (permanent injunction).

Dougherty has made no such showing. Not only was the FBI Affidavit publicly accessible on the Donald Dougherty docket for nearly five years,[8] suggesting its continued availability will not cause him irreparable harm, Dougherty elected not to appeal the State Unsealing Order in the state court. Given these circumstances, Dougherty has not shown he would suffer harm that "cannot be redressed by a legal or an equitable remedy following a trial" or that a federal injunction is "the only way of protecting" him. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). Thus, even if the Anti-Injunction Act permitted the relief requested, the District Court did not abuse its discretion in denying it.

III

---

[8] The fact that the FBI Affidavit has been publicly available does not mean a request to seal the information is moot. Smith, 123 F.3d at 154 (noting that while "[w]e cannot restore the secrecy that has already been lost[,] . . . we can grant partial relief by preventing further disclosure." (internal quotation marks omitted)).

9

For the foregoing reasons, we will affirm the Order of the District Court.